# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**FRED L. WILLIAMS**                                                                               **PLAINTIFF**
**ADC #093355**

**v.**                    **CASE NO. 5:17-CV-00286 BSM**

**SAM POPE,** *et al.*                                                                        **DEFENDANTS**

## ORDER

Plaintiff Fred L. Williams filed a *pro se* civil rights complaint [Doc. No. 2] against Drew County Circuit Court Judge Sam Pope, Prosecuting Attorneys Thomas Deen and Frank Spain, Public Defender Gary Potts, Sheriff Mark Gober, and an unidentified supervisor of Drew County courts. Williams alleges that defendants conspired to violate his constitutional rights to ensure his conviction in *State v. Fred Lee Williams*, 22CR-13-43, Drew County Circuit Court. *Id*. at 4. He seeks damages and discovery that was allegedly withheld during his state criminal trial. *Id*. at 7.

Williams is incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, which triggers automatic screening of his complaint. *See* 28 U.S.C. § 1915A. It must first be determined whether the cause of action stated in the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915(A).

Williams's claims are largely barred by the applicable three-year statute of limitations. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). Williams claims that Judge Pope,

Spain, Gober, and the unidentified court officer violated his constitutional rights on August 29, 2014 [Doc. No. 2, at 5]. Because the alleged unlawful conduct took place more than three years before this case was filed, any related claims are time barred.

Without specifying when, Williams also alleges that Judge Pope violated his constitutional rights by failing to: ensure the rules of evidence were followed; appoint effective counsel; and order the prosecution to meet its discovery obligations. *Id*. at 5–6. He further asserts that Judge Pope abused his discretion in trial matters. *Id.* at 6. Williams contends that Deen violated his rights by using illegally gathered evidence at trial. *Id*. As judgment was entered in Williams's state criminal case on August 29, 2014, it appears that these claims are untimely. Even if they are not, Judge Pope and Deen are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993).

Williams contends that his defense counsel, Potts, was ineffective on or around September 17, 2015, by failing to perfect an appeal of Williams's criminal case [Doc. No. 2, at 5]. To be subject to a claim under section 1983, however, the defendant must be acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defense counsel in a criminal case is not a state actor and not subject to suit under section 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *Chambers v. Kaplan*, 648 F.2d 1193, 1194 (8th Cir. 1981).

Williams further argues that all allegedly unlawful acts were part of a conspiracy to ensure his conviction and reduce his chances on appeal [Doc. No. 2, at 4]. A viable claim

for conspiracy under 42 U.S.C. § 1983 requires an actual deprivation of a federally protected right. *See Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978). "The gist of the (section 1983) cause of action is the deprivation and not the conspiracy." *Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir. 1980) (internal citation omitted). Williams cannot establish any deprivation because his claims against the defendants fail for the reasons explained above. Beyond that, his claim for damages is barred under *Heck*, as a judgment in his favor would imply the invalidity of his conviction and there is no indication that the conviction has been expunged, reversed, or called into question on habeas review. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In sum, Williams has failed to state a claim on which relief may be granted.

Williams's complaint is dismissed with prejudice, and an *in forma pauperis* appeal would not be taken in good faith. This dismissal counts as a "strike" for the purposes of 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 9th day of November 2017.

_____
UNITED STATES DISTRICT JUDGE